IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE J. MORRIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-261-RGA |
| WARDEN DAVID PIERCE, et al., | : |
| Defendants. | : |

Tyrone J. Morris, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 8, 2016
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Tyrone J. Morris, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). The Court proceeds to review and screen the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a). Plaintiff requests counsel. (D.I. 3).

BACKGROUND

Plaintiff alleges as follows. Plaintiff has suffered from severe "text-book" psoriasis since the age of 15. Prior to his incarceration he was treated with light therapy[1] and HUMIRA[2] injections. Upon his incarceration on August 28, 2013, his psoriasis immediately began to break out. Plaintiff states that VCC medical was going to order HUMIRA injections until it discovered that Plaintiff contracted Hepatitis B. Plaintiff was sent to a physician who told him that the only available treatment was light therapy. By November, Plaintiff's body was covered with psoriasis and very painful. VCC medical kept sending Plaintiff to see a physician, knowing that he did not have light therapy to offer Plaintiff. Plaintiff submitted numerous grievances for treatment and ointments so he could shower and to help with pain. The grievance committee

---

[1] Phototherapy, also known as light therapy, involves exposing the skin to ultraviolet light on a regular basis and under medical supervision. Treatments are done in a doctor's office or psoriasis clinic or at home with phototherapy unit. The key to success with light therapy is consistency. *See* https://www.psoriasis.org/about-psoriasis/treatments/phototherapy (July 5, 2016).

[2] HUMIRA is a prescription medicine used to treat adults with moderate to severe chronic plaque psoriasis who are ready for systemic therapy or phototherapy, and are under the care of a doctor who will decide if other systemic therapies are less appropriate. *See* https://www.humira.com/psoriasis/treatment?cid=ppc_ppd_ggl_derm_brand_2015_humira_psoriasis_bmm_64Y1844709 (July 5, 2016).

kept telling Plaintiff that he was scheduled for treatment and "just sent" him to the physician again.

Plaintiff was sent to the SHU (which I think is the Secure Housing Unit). Once there, Plaintiff states that he was "forgotten about and left to rot away." Plaintiff states that the pain was unbearable and he could barely move. He had open wounds. Blood ran down his body. Dead skin peeled from his entire body. His legs were swollen and he could stand for no more than fifteen minutes. His condition was so bad that the HazMat team was called several times to clean his cell.

Finally, Lt. Dunn and other staff complained about his condition and Plaintiff was moved to the infirmary in April 2015. Once there, Plaintiff discovered that he was never scheduled for treatment. When Defendant medical director Richard Lynch saw his condition, Plaintiff was finally approved for treatment. Plaintiff states that all that time, the doctor and the grievance committee told him that he was approved for treatment, when he was not.

Plaintiff received light therapy for several weeks, and his condition began to improve. However, he was not approved for sufficient treatments for his skin to clear up. Plaintiff was rescheduled to again start treatments in June or July 2015 but Dr. Braithwaite (apparently an outside physician) denied Plaintiff treatment because the Department of Correction medical had not paid any money since January 2015. Plaintiff was also prescribed ointment, but he received little to no ointment.

Plaintiff seeks compensatory damages and injunctive relieve to receive proper medical treatment.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The complaint in this case is not frivolous.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§

1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Lynch is the only defendant referred to in the body of the Complaint. The allegations against him, however, do not rise to the level of a constitutional violation because Plaintiff alleges that once Lynch became aware of Plaintiff's condition, Plaintiff

4

began receiving medical treatment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The allegations against Lynch do not rise to the level of deliberate indifference.

The Complaint contains no allegations against the remaining defendants, many of whom appear to be supervisory officials. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.).

Accordingly, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law, the case may turn on credibility determinations, expert testimony will be necessary, he cannot afford counsel, providing counsel would serve the best interests of justice, and his allegations if proved would establish a constitutional violation. (D.I. 3).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.

---

[3]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

6

*See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors weigh against granting his request for counsel. The Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny, without prejudice to renew, Plaintiff's request for counsel.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 3); (2) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and (3) give Plaintiff leave to amend.

An appropriate order will be entered.